IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 24-CR-02035-CJW-MAR |
| vs. | ) | |
| MATTHEW JAMES WESSELS, | ) | |
| Defendant. | ) | |

## MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted under separate cover.

1. On November 6, 2024, a Superseding Indictment was filed charging Defendant Matthew James Wessels with one count (Count 1) of Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A) and 846; and one count (Count 4) of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), 846, and 851. (Doc. 32).

2. The Superseding Indictment included a forfeiture allegation seeking forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used in any manner or part, to commit, or to facilitate the commission of, the offense(s) alleged in Count 1 pursuant to Title 21, United States

Code, Section 853 The property to be forfeited includes, but is not limited to, the following:

> **$6,440 in United States Currency seized from defendant on or about July 16, 2024, in Waterloo, Iowa.**

3. The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853, which provides that:

> **(a) Property subject to criminal forfeiture**
>
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
>
> (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.
>
> The Court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection.

4. Rule 32.2(b)(1)(A) and (B), (b)(2)(A) and (B), and (b)(3), and (b)(4)(A) and (B) Federal Rules of Criminal Procedure, provide that:

> **(b) Entering a Preliminary Order of Forfeiture.**
>
> **(1) Forfeiture Phase of the Trial.**
>
> **(A) Forfeiture Determinations.** As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on

2

any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

**(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(2) Preliminary Order.**
    **(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

    **(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

**(4) Sentence and Judgment.**
    **(A) When Final.** At sentencing--or at any time before sentencing if the defendant consents--the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

**(B) Notice and Inclusion in the Judgment.** The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

5. Based upon the guilty plea entered by defendant on December 23, 2024 to Count 1 of the Superseding Indictment (Doc. 61), the finding also on December 23, 2024 by United States Magistrate Judge Mark A. Roberts that the Government has established the requisite nexus between the property described in the forfeiture allegation and defendant's offense (Doc. 62), and the Court's acceptance of Magistrate Judge Roberts' Report and Recommendation on January 7, 2025 (Doc. 68), the United States has established the requisite nexus between the property and the offense to which the defendant has been convicted. Accordingly, the property listed in paragraph 2 is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6. Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, the United States will publish notice for thirty (30) consecutive calendar days on the official Government website: www.forfeiture.gov notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

7. In accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in paragraph 2 and order the United States (or its designee) to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

TIMOTHY T. DUAX
UNITED STATES ATTORNEY

By: */s/ Martin J. McLaughlin*
MARTIN J. McLAUGHLIN
Assistant United States Attorney
111 - 7TH Avenue SE
Cedar Rapids, IA    52401
(319) 363-6333
(319) 363-1990 - fax
Marty.McLaughlin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

By: */s/ A. Muzingo*